UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTURY SURETY COMPANY,

    Plaintiff,

        v.

BLACKMON'S INC. d/b/a Blackmon's Plaza,
LEWIS E. LAGRANT and ROSE M.
LAGRANT,

    Defendants.

Case No. 12-cv-1244-JPG-PMF

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Century Surety Company:

- **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Complaint alleges the state of incorporation of defendant Blackmon's Inc. but does not allege its principal place of business.

- **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The Complaint alleges the residence but not the citizenship of defendants Lewis E. LaGrant and Rose M. LaGrant.

The Court hereby **ORDERS** that the plaintiff shall have up to and including January 11, 2013, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty

pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: December 28, 2012**

                                                  s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**